■ JACOB WEINBERG, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant.—In an action, *inter alia,* to "[reform] plaintiff's 1970 selection of a" retirement plan, defendant appeals from a judgment of the Supreme Court, Kings County, entered August 25, 1977, which, after a nonjury trial, *inter alia,* granted reformation. Judgment reversed, on the law, without costs or disbursements, and complaint dismissed. Plaintiff-respondent, who was born on December 10, 1906, joined the appellant New York City Employees' Retirement System in 1947, and bought "back credit" for seven years of service prior to 1947. In 1966 respondent was elected a Judge of the Civil Court of the City of New York for a 10-year term ending December 31, 1976. In 1968 sections B3-36.6 and B3-37.1 of the Administrative Code of the City of New York were enacted. Those sections provide that a member of the retirement system holding a career pension plan position could, between July 1, 1968 and June 30, 1970, elect to become a career pension plan member (Plan A) and contribute accordingly, or a "fifty-five-year-increased service-fraction-member" (Plan B) at a different rate of contribution. In 1970, and within the required period, the respondent filled out and filed with the retirement system the appropriate pension selection form. He placed a check mark next to Plan B. On April 14, 1975 the respondent wrote the retirement system that he had discovered that he had mistakenly checked Plan B, when he had actually intended to check Plan A. On April 23, 1975 the assistant chief of the member services division of the retirement system sent the following letter to the respondent: "I am pleased to advise you that in view of the circumstances stated in your recent communication, your request to be permitted to elect either Plan A or Plan B has been approved. Accordingly, enclosed is an appropriate form (in duplicate) on which you may elect either Plan A or Plan B. Please complete both forms, sign your name as above and return both copies to this office. One copy will be receipted and returned to you for your records. Unless your election of Plan A or Plan B is received in this office *on or before May 23, 1975,* the right to make such election will be forfeited." On May 15, 1975 respondent executed and filed with the retirement system his selection of Plan A, which was approved by the system on May 18, 1975. After a new executive director of the retirement system assumed office, he sent the following letter, dated June 4, 1975, to the respondent: "A review of your case indicates that inadvertently you were advised that you would be permitted to change from the 55-Year-Increased-Service-Fraction Plan (Plan B) to the Career Pension Plan (Plan A). Members of this System were afforded the privilege of changing from Plan B to Plan A at anytime from July 1, 1968 through June 30, 1970. Inasmuch as you did not elect to make such plan change within the prescribed period, there is no legal basis whereby such change can be honored at this time. I regret any inconvenience caused you in this matter." On April 14, 1976 respondent commenced this action to (1) reform his 1970 selection of Plan B by substituting therefor Plan A and (2) direct the retirement system to recognize his selection of Plan A in 1975. Respondent's right to select Plan A is exclusively set forth in section B3-36.6 (subd a, par [1], cl [b]) of the Administrative Code, which provides that members in his category may select Plan A from July 1, 1968 until June 30, 1970. That provision, in pertinent part, reads: "Optional service retirement upon completion of minimum period of service under career pension plan. * * * (b) Any member in city-service on June [30, 1968]

who on that date held a career pension plan position, and at the time of filing an application as hereinafter in this subparagraph (b) provided, holds a career pension plan position, may elect, by a written application duly executed and filed with the board on or after July [1, 1968] and prior to July [1, 1970], to become a career pension plan member commencing on July [1, 1968] and to contribute to the retirement system for the right to retire under the career pension plan." The Administrative Code authorized no other time period during which respondent could select Plan A. Under the circumstances, respondent's desire to change his election some five years after he selected Plan B could not legally be effected despite the letter from defendant dated April 23, 1975. The retirement system, notwithstanding that letter, retained the power to correct its previous erroneous action purporting to grant the respondent's request (cf. *New York City Employees' Retirement System v Eliot,* 267 NY 193). Lazer, Shapiro and Cohalan, JJ., concur.

Suozzi, J. P., and Rabin, J., dissent and vote to affirm the judgment.